[No. 12821. In Bank. — March 12, 1889.]

## B. C. WRIGHT, APPELLANT, *v.* CALIFORNIA CENTRAL RAILWAY CO. ET AL., RESPONDENTS.

COMMON CARRIER — RAILROAD COMPANY — EJECTION OF PASSENGER — REGULATIONS — NOTICE — NONSUIT. — In an action by a passenger for ejection from a chair-car for refusal to pay extra fare for riding therein, in accordance with the regulations of the company, where the evidence of the plaintiff shows that he was notified by the conductor of the regulation requiring such extra charge, and that the conductor called his attention to a card posted up in the chair-car stating the regulation, and that he was ejected therefrom for refusal to pay the extra charge, and left the train when he might have gone from the chair-car into a first-class passenger-car, into which he was requested to go, it is proper to grant a nonsuit, and the court is not bound upon such a showing from the plaintiff to submit to the jury the question whether such a regulation existed, or whether the regulations for the chair-car were public, uniform in their operations, or reasonable.

ID. — RETURN OF TICKET. — A passenger who voluntarily leaves the train and terminates his trip cannot be aided in an action of damages for

ejection from a chair-car, by the fact that his ticket was not returned. If entitled to "stop over," his claim must be for return of the ticket money, and not for damages for being put off.

Id. — Necessary Force — Wrong Contributing to Injury. — When a passenger is lawfully ejected from a car after a refusal to leave it upon demand, and only such force is used as is necessary to overcome his resistance, if he is injured by such force, his own wrong in resisting contributes proximately to the result, and he must bear the consequence.

Id. — Place of Ejection — Nonsuit. — When plaintiff's evidence shows that he was lawfully ejected from a car at a railroad station at a small town where the train stopped, it is sufficient to meet the requirements of section 487 of the Civil Code, requiring the ejection to be at any usual stopping-place, or near a dwelling-house, and to justify a nonsuit, without requiring further evidence from the defendant.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Williams & McKinley*, for Appellant.

The question whether the regulation was reasonable should have been left to the jury, and plaintiff's ticket should have been returned. (*Bland* v. *S. P. R. R. Co.*, 55 Cal. 570; 36 Am. Rep. 50.) More force was used than was necessary; and the question as to the amount of force should have been left to the jury. (Code Civ. Proc., sec. 487; *Kline* v. *C. P. R. R. Co.*, 37 Cal. 400; 99 Am. Dec. 282.) The onus rested on the defendants to justify their trespass under special plea and proof. (*Saunders* v. *Wilson*, 15 Wend. 338; *Babcock* v. *Lamb*, 1 Cow. 239; *Rouse* v. *Baden*, 1 H. Black. 325; 2 Saunders's Pleadings and Evidence, 856; *Demmick* v. *Chapman*, 11 Johns. 131; *American Company* v. *Bradford*, 27 Cal. 367; *Glazer* v. *Clift*, 10 Cal. 303.)

*A. Brunson*, for Respondent.

Railroad companies may enforce reasonable regulations, of which public notice is given. (Civ. Code, secs. 465, 484, 2186; *Britton* v. *A. & C. Air Line Railway Co.*,

18 Am. & Eng. R. R. Cas. 395.) Plaintiff voluntarily terminated his passage, and thereby his contract with the company to carry him any farther. (*Drew* v. *C. P. R. R. Co.*, 51 Cal. 426.) The case of *Bland* v. *S. P. R. R. Co.*, 55 Cal. 570, 36 Am. Rep. 50, is not in point, and cannot help appellant. To avoid a nonsuit there must be more than a mere *scintilla* of evidence. Where there is so little that the court is of opinion that it would not sustain a verdict, a nonsuit should be granted. (*Ensminger* v. *McIntire*, 23 Cal. 593; *Geary* v. *Simmons*, 39 Cal. 224; *Vanderford* v. *Foster*, 65 Cal. 49.)

BELCHER, C. C.—This action was brought to recover damages for being put off a railroad car. The court below granted a nonsuit, and the plaintiff appealed from the judgment and an order denying him a new trial. The material facts are as follows:—

On the 26th of July, 1887, the plaintiff purchased a round-trip ticket on defendant's railroad from Los Angeles to San Diego and back. With other passengers he went into what is called a "chair-car," and sat down, no one informing him that the car was a special one. The train started, and when a few miles out the conductor went into the car and took up the part of plaintiff's ticket which was from Los Angeles to San Diego, and gave back the return portion thereof. He then collected the tickets from other passengers in the car, and having done so went back to plaintiff and demanded twenty-five cents more for the privilege of sitting in that car. Plaintiff refused to pay the extra charge, and asked the conductor if he did not furnish seats to sit in. The conductor replied: "Yes; but not in this car; this is a chair-car; you can take a seat in the other car." Plaintiff said he had a first-class ticket, and didn't propose to take a seat in the other car. The conductor called his attention to "a card up in the car stating terms and so forth," and said it was the regulation of the company. He explained why

the twenty-five cents was an extra charge,—said it was a chair-car, and it was the rule. The conductor went to plaintiff three or four times and asked him if he would pay the two bits or go into the other car, and said if he did n't do so, "we will put you out, we will put you in." Plaintiff persistently refused to comply with the conductor's request, saying he "did n't care for the two bits, but it was the principle of the thing." When the train reached a station called Azusa, the conductor and another man went up to plaintiff, and taking him by the arms, led him to the front door of the car, where he caught hold of the iron railing and resisted with all his might. They tried to put him into the car immediately in front of the chair-car. That car was a first-class passenger car, and he could have gone into it and continued his trip there if he had wished to do so. After he was on the ground the men invited him to go into the car, but he refused, preferring to leave the train and abandon his journey. The conductor did not return or offer to return to him his ticket or any money in lieu thereof.

Plaintiff claims that he was wrongfully made to leave the chair-car; that he was ruptured and seriously injured, while standing on the platform and holding on to the railing of that car, by the efforts to put him into the other car; and that he suffered great mental and bodily distress in consequence of the wrongful acts of defendants, and is entitled to demand and receive therefor damages in the sum of twenty-five thousand dollars.

It is urged that the court erred in granting the nonsuit, because there was no evidence showing any regulation of the railroad company requiring the payment of an extra rate on the chair-car, and that if there was such a regulation, it was a matter to be proved in defense, and could not be inferred from what was said by the conductor.

The Civil Code provides that "every railroad corporation must have printed and conspicuously posted on the

inside of its passenger cars its rules and regulations regarding fare and conduct of its passengers." (Sec. 484.) We think it sufficiently appears that the defendant company had complied with this requirement. The plaintiff testified that the conductor "pointed out to me, posted up in the car, the regulations of the company." He further testified in effect that the conductor explained to him that he was required by the regulations to collect from passengers riding in that car an extra charge, and there was no evidence, and there is no pretense, that the explanations were not true. It seems clear, therefore, that the court was justified in assuming that there was a regulation of the company requiring payment of an extra rate on the chair-car, and that plaintiff knew of its requirements, and willfully refused to comply with them.

But it is said that, in order to be valid, "such regulations must be lawful, public, uniform in their application, and reasonable," and that whether they were so or not were questions of fact which should have been submitted to the jury. And in this connection it is suggested that "from anything that appears from the evidence it may have been the only car provided with seats at all."

The evident purpose in requiring the regulations to be posted in the car was to make them public, so that all passengers could read them and be fully informed as to their provisions. The conductor demanded and received from the other passengers in the car an extra sum for riding in it, and there was nothing in the evidence tending to show that the regulations in question did not fully comply with all the conditions named. The suggestion that the car in which the plaintiff was riding may have been the only car provided with seats is met by the plaintiff's own testimony, that "I was able to have gone from the chair-car where I was into a first-class passenger-car." This being so, the court was not required to submit to the jury the questions as to

whether or not the regulations were public, uniform in their operation, or reasonable.

It is next claimed that if the regulations existed and were lawful and proper, plaintiff's ticket should have been returned to him. Conceding this to be so, it cannot aid him here. He might have gone into a first-class passenger-car and continued his journey, and was invited to do so, but refused. He voluntarily left the train and terminated his trip, and if he was entitled to "stop over" and use the ticket on another train, his claim must be for a return of the ticket money, and not for damages for being put off. The facts in *Bland* v. *Southern Pacific R. R. Co.*, 55 Cal. 570, 36 Am. Rep. 50, were different, and that case is not in point.

It is contended that more force was used in ejecting plaintiff from the car than was necessary. He admitted at the trial that he received all of his injuries after he had gone out of the car and while he was holding to the railing on the platform. He should have gone voluntarily into the next car or to the ground, and if he had done so he would have had no injury to complain of. He chose, however, to hold on with all his might, and to resist the efforts to remove him. The force was to overcome that resistance, and the evidence fails to show that any more force was used than was necessary for that purpose. If he was injured, therefore, his own wrong contributed immediately and proximately to the result, and he must bear the consequences.

Lastly, it is said that it was incumbent on the defendants to show as a defense that they ejected plaintiff at a usual stopping-place or near a dwelling-house, and the fact that they did so could not be presumed on a motion for nonsuit. The answer is, that the plaintiff testified that "this occurred at the Azusa station; at the railroad station at Azusa"; and his other witnesses spoke of Azusa as a small town where the train stopped. This was sufficient to meet the requirements of section 497,

Civil Code, and no further proof on this point was necessary.

We find in the record no error calling for a reversal, and therefore advise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.